UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-2412 DAD CSK P<br><br>ORDER |

　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　On December 9, 2024, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3 § 1915(b)(2).
4     As set forth below, plaintiff's complaint is dismissed with leave to amend.
5 I.    SCREENING STANDARDS
6     The court is required to screen complaints brought by prisoners seeking relief against a
7 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
8 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
9 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
10 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
11     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
15 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.
21     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
22 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
25 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
26 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
27 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
28 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.     PLAINTIFF'S COMPLAINT

Plaintiff used a California state court complaint form, alleging personal injury, and marking boxes for intentional tort and premises liability.  (ECF No. 1 at 1, 3.)  Plaintiff does not set forth any specific factual allegations as to the alleged incident but refers to an April 23, 2024 medical report and his April 24, 2024 grievance #24-1488.  (Id. at 3.)  No medical report is appended.  (Id., passim.)  In the appended grievance form, plaintiff claimed that on April 23, 2024, while he was in a state court hearing, an "escorting Court Sheriff's deputy" grew impatient with plaintiff asking to address the court.  (ECF No. 1 at 4.)  The deputy then grabbed plaintiff's arms, picked plaintiff up out of the chair, and removed plaintiff from the courtroom to the stairs.  (Id.)  Plaintiff asked the deputy to "please not be so aggressive or so tough guyish when escorting me out."  (Id.)  "All I know is walking down the stairs to been [sic] shoved slightly enough to touble [sic] and black out.  Please read the incident report."  (Id.)  The incident report interpreted plaintiff's grievance as claiming that the courthouse deputy "shoved" plaintiff down the stairwell, after which "he tumbled down the stairwell and blacked out."  (Id. at 5.)  Following investigation and review of the CCTV video footage and body worn camera footage of the incident, the responding officer Sgt. L. Baker wrote that:

> [v]ideo footage shows Deputy Gonzalez escorting Johnson (handcuffed to the rear) through the entry door of the center-secured stairwell on the 5th floor. Deputy Gonzalez is escorting Johnson by lightly holding Johnson's right arm just above the crook of his elbow with his left hand. As they approach the landing, you see Johnson's right leg go limp and Johnson pulls away from Deputy Gonzalez's grip. Johnson then continued forward doing a side roll, landing on his left side on the steps, and continued rolling all the way down to the landing of the 4th floor. Deputy Gonzalez pursues Johnson down the stairs and attempts to assist Johnson while radioing for additional assistance and medical.

(Id.) Sgt. Baker, who went to the scene, noted that plaintiff was awake and talking with another deputy, and plaintiff refused transport to the hospital. (Id.) Sgt. Baker wrote that plaintiff was "transported back to the Main Jail where he was seen by correctional medical staff." (Id.)

### III.   DISCUSSION

Plaintiff's complaint fails to identify any violation of a Constitutional right or federal statute. In addition, plaintiff does not set forth specific charging allegations as to each named defendant. As written, the complaint fails to state a federal civil rights claim, and must be dismissed. The Court grants plaintiff leave to amend.

As to plaintiff's state law claims, 28 U.S.C. § 1367(a) provides, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Id. Thus, in order for the Court to exercise supplemental jurisdiction over a state law claim, plaintiff must allege a cognizable federal claim, and the putative state law claim must arise from the same case or controversy as the federal claim.

Further, plaintiff's state law claims fail because he does not plead compliance with the California Government Claims Act. Section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4. Section 950.6 provides that

> [w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity.

4

Cal. Gov't Code § 950.6; see also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), findings and recommendations adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")).

Because plaintiff has not alleged that he complied with the Government Claims Act, the state law claims are dismissed. However, plaintiff is granted leave to amend. If plaintiff seeks to assert a supplemental state law claim in an amended complaint, he must affirmatively allege compliance with the Government Claims Act requirements described above.

A. Plaintiff's Potential Federal Claims

Plaintiff is provided the following standards in the event he chooses to amend his complaint.

It is not clear from the complaint whether plaintiff was a convicted prisoner or pretrial detainee at the time of the alleged incident. If he was a pretrial detainee at the time, his claim arises under the Fourteenth Amendment's due process clause; if he was already convicted, his claim arises under the Eighth Amendment's cruel and unusual punishment clause. The Fourteenth Amendment provides broader protection for pretrial detainees, prohibiting "excessive

force that amounts to punishment." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Id. at 396-97. The Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner. Whitley v. Albers, 475 U.S. 312, 319 (1986).

To state a claim against the Sacramento County Sheriff's Office, the complaint must allege that (1) plaintiff was deprived of a constitutional right, (2) the City and/or Department has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. See Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." Thomas v. Cnty. of Riverside, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing Monell, 436 U.S. at 694).

      B.    Leave to Amend

As discussed above, because plaintiff's complaint fails to state a cognizable civil rights claim, the complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d

6

266, 268 (9th Cir. 1982).

Plaintiff is advised that the court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Rather, plaintiff must include specific charging allegations in the body of the amended complaint as to each named defendant. The charging allegations must be included in the amended complaint to provide defendants with fair notice of the claims plaintiff is presenting. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. Plaintiff is encouraged to use this Court's civil rights complaint form when filing an amended complaint.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

IV.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 6 & 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: January 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/john2412.14.csk

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MAURICE JOHNSON, | No. 2:24-cv-2412 DAD CSK P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| SACRAMENTO COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

    Plaintiff submits the following document in compliance with the Court's order filed on _____ (date).

☐  Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff