1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE JOHNSON,                          No.  2:24-cv-2412 DAD CSK P

12                   Plaintiff,

13         v.                                    ORDER

14    DEPUTY GONZALES, et al.,

15                   Defendants.

16

17        Plaintiff is a county jail inmate proceeding without counsel in an action brought under

18    42 U.S.C. § 1983.  On January 10, 2025, the Court dismissed plaintiff's complaint with leave to

19    amend.  On February 3, 2025, plaintiff filed a first amended complaint.

20        The Court reviewed plaintiff's first amended complaint and, for the limited purposes of

21    § 1915A screening, finds that claims one and two of the complaint state potentially cognizable

22    excessive force claims against defendant Deputy Gonzales, escorting deputy at the Sacramento

23    County Main Jail.  See 28 U.S.C. § 1915A.

24        However, plaintiff's first amended complaint contains no charging allegations as to

25    defendants Sgt. Baker and the Sacramento County Sheriff's Department.[1]  Plaintiff also alleges

26    that his third claim is the same as claims one and two, both of which allege excessive force by

27    _____

28    [1]  Plaintiff was provided relevant legal standards in the initial screening order.  (ECF No. 9 at 5-
      6.)

                                              1

defendant Deputy Gonzales.  (ECF No. 11 at 5.)  But in the supporting facts section of his third

claim, plaintiff alleges that an unidentified doctor ordered CT scans for plaintiff's head injuries.

(Id.)  He does not identify what day the CT scans were ordered, but alleges that as of January 28,

2025, he had not received the CT scans.  (Id.)  In addition, plaintiff alleges he was given a double

mattress and double blanket for his head and back injuries, and refers to sick call notes from

Sacramento Main County Jail from April to December 2024.  (Id.)  However, no sick call notes

were provided.  (Id., passim.)  No doctor or other medical personnel are named as a defendant.

Plaintiff includes no medically-related allegations as to defendant Gonzales, who is an escorting

sheriff's deputy and unlikely to be responsible for medical care at the Sacramento Main Jail.

Moreover, although plaintiff states he exhausted administrative remedies, it is unclear whether

plaintiff exhausted an administrative grievance concerning medical care prior to filing the instant

action on September 5, 2024.  Finally, plaintiff's potential medical claim is not related to his

excessive force claim against defendant Deputy Gonzales.  Fed. R. Civ. P. 20(a)(2).[2]  Plaintiff's

excessive force claims against defendant Deputy Gonzales under the Fourteenth Amendment Due

Process Clause will involve different legal elements and different evidence from plaintiff's

potential Fourteenth Amendment medical claims.

Therefore, the Court finds that the first amended complaint does not state cognizable

claims against defendants Sgt. Baker and Sacramento Sheriff's Department.  The claims against

those defendants are dismissed with leave to amend.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendant Deputy Gonzales and pursue his

excessive force claims against only defendant Gonzales or plaintiff may delay serving any

defendant and attempt again to state a cognizable claim against defendants Sgt. Baker and the

---

[2]  A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  Id.

Sacramento County Sheriff's Office.   If plaintiff elects to proceed forthwith against defendant Deputy Gonzales against whom he stated a potentially cognizable excessive force claim for relief, then within thirty days plaintiff must so elect on the appended form.  In this event the Court will construe plaintiff's election as consent to dismissal of the noncognizable claims against defendants Sgt. Baker and the Sacramento County Sheriff's Department without prejudice. Under this option, plaintiff does not need to file a second amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants Sgt. Baker and the Sacramento County Sheriff's Department.  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Sgt. Baker and the Sacramento County Sheriff's Department, he has thirty days to do so.  Plaintiff is not granted leave to add new claims or new defendants.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

A second amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; see Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files a second amended complaint, the original pleading is superseded.  Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants Sgt. Baker and the Sacramento County Sheriff's Department are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his complaint.

2. The allegations in the first amended complaint are sufficient at least to state a potentially cognizable excessive force claim against defendant Deputy Gonzales.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  February 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/john2412.14o

4

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAURICE JOHNSON,                         No.  2:24-cv-2412 DAD CSK P

12                Plaintiff,

13          v.                                  NOTICE OF ELECTION

14    SACRAMENTO COUNTY SHERIFF'S
      OFFICE, et al.,
15
                    Defendants.
16

17

18          Plaintiff elects to proceed as follows:

19
            _____      Plaintiff opts to proceed with his excessive force claim against defendant
20                      Deputy Gonzales.  Under this option, plaintiff consents to dismissal of
                        defendants Sgt. Baker and the Sacramento County Sheriff's Department,
21                      and dismissal of plaintiff's other defective claims, without prejudice.

22    **OR**

23          _____      Plaintiff opts to file a second amended complaint and delay service of
                        process.
24

25    DATED:

26                      _____
                                        Plaintiff
27

28

                                            5